IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MARZULLI, JR., individually and on behalf of all others similarly situated, | : CIVIL ACTION : : |
| Plaintiff | : CASE NO. : |
| v. | : : |
| CREDIT CONTROL, LLC | : : : |
| Defendant | : |

**COMPLAINT**

**PRELIMINARY STATEMENT**

This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Sections 1692 et seq. (hereinafter "FDCPA"). Plaintiff brings this action both individually on his own behalf and as a class action on behalf of all other persons similarly situated, to recover damages for his self and to enjoin Defendant's unlawful conduct as it affects all other consumers residing within the United States.

The Fair Debt Collection Practices Act 15 U.S.C.S. § 1692 et seq., regulates and restricts the acquisition of information about debtors. 15 U.S.C.S. §§ 1692b, 1692c. It further prohibits conduct whose natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C.S. § 1692d. And it bars the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C.S. § 1692e, while proscribing unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C.S. § 1692f.

Defendant violates the FDCPA if they fail to convey information required by FDCPA; even if Defendant conveys required information, they nonetheless violate FDCPA when they convey that information in confusing or contradictory fashion so as to cloud the required message with uncertainty.

This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA").

Defendant's mistreatment of Plaintiff was in fact indiscriminate, occurring in the regular course of debt collection business whereby Plaintiff was treated in the same general manner as it treats other consumers who are the objects of its collection efforts.

Plaintiff therefore seeks hereby to recover actual, statutory, treble, and punitive damages on behalf of himself individually, as well as declaratory and equitable relief on behalf of the class which he seeks to represent, together with reasonable attorneys' fees and costs.

## JURISDICTION

1.  Jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), and the doctrine of pendent jurisdiction.

## PARTIES

2.  Plaintiff, Anthony Marzulli, Jr., is a natural person who resides in Pennsylvania, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3.  Defendant, Credit Control, LLC, is a company based in Minnesota, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business at 245 East Roselawn Avenue, Suite 25-26, Maplewood, MN 55117,

regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4.  Plaintiff received an initial dunning letter from the Defendant dated February 23, 2010 which contained a statement that is misleading and inaccurate. See a copy of the letter appended hereto and marked "**EXHIBIT A**".

5.  In the aforementioned letter sent to Plaintiff, Defendant outlines three settlement options, the first of which is due on March 12, 2010.

6.  By demanding payment before March 12, 2010, Plaintiff is not afforded his legal right, in accordance with the validation notice listed at the bottom of the letter, to dispute the validity of the alleged debt within thirty days of receipt of the letter.

## CLASS ACTION

7.  This action is maintained as a class action on behalf of the following described class: all consumers residing in the United States who, commencing one year before the date of filing of this *Complaint*, have been or will be the objects of Defendant's unlawful debt collection efforts as stated above.

8.  This action is appropriately maintained as a class action as the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of the representative party are typical of the claims of the class, and the representative party will fairly and adequately protect the interests of the class; in addition, Defendants have acted or refused to act on grounds generally applicable to the class, thereby

making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

9. Unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, Plaintiff and the class whom he represents will suffer substantial and irreparable injury for which they have no adequate remedy at law.

## CAUSES OF ACTION

### COUNT I
### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*
### PLAINTIFF V. DEFENDANT

10. The foregoing paragraphs 1 through 9 are incorporated herein as if more fully set forth hereafter.

11. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to:

    a. §1692d any conduct the natural consequence of which is to harass, oppress or abuse any person

    b. §1692e any other false, deceptive, or misleading representation or means in connection with debt collection

    c. §1692e(10) using false, deceptive means to collect an alleged debt;

    d. §1692f any unfair or unconscionable means to collect a debt or attempt to collect the alleged debt

12. Plaintiff and the class are entitled to recover actual damages, statutory damages, reasonable attorney's fees, and costs.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Enter an order certifying this action as a class action.

2. Award statutory damages.

3. Award reasonable attorney's fees.

4. Award costs.

5. Grant such other and further relief as it deems just and proper.

 

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: June 30, 2010**

**BY:** _____
Bruce K. Warren, Esquire

**BY:** _____
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff